# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS ESTRADA, | Case No. 1:18-cv-00667-DAD-SAB (PC) |
| Plaintiff, | ORDER VACATING FINDINGS AND RECOMMENDATION ISSUED FEBRUARY 4, 2020 |
| v. | |
| NORTH KERN STATE PRISON, *et al.*, | (ECF No. 28) |
| Defendants. | ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE THIRD AMENDED COMPLAINT |
| | (ECF No. 25) |
| | **THIRTY (30) DAY DEADLINE** |

Plaintiff Nicholas Estrada is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed his original complaint on May 16, 2018. (ECF No. 1.) Before his original complaint could be screened, Plaintiff filed a first amended complaint on July 20, 2018. (ECF No. 7.) On February 28, 2019, the Court screened Plaintiff's first amended complaint and granted Plaintiff leave to file a second amended complaint. (ECF No. 9.)

After receiving three extensions of time, Plaintiff filed his second amended complaint on July 22, 2019. (ECF No. 16.) On September 23, 2019, the Court screened Plaintiff's second amended complaint and found that Plaintiff failed to state a cognizable claim for relief. (ECF No.

17.) The Court's screening order provided Plaintiff with the pleading and legal standards that applied to his claims and granted Plaintiff leave to file a third amended complaint within thirty days after service of the order. (Id.) Further, Plaintiff was expressly warned that, if he failed to file a third amended complaint in compliance with the Court's order, the Court would recommend to a District Judge that this action be dismissed, with prejudice, for failure to state a claim, failure to obey a court order, and failure to prosecute. (Id. at 16.)

On November 8, 2019, after Plaintiff failed to timely file a third amended complaint or otherwise communicate with the Court, the Court ordered Plaintiff to show cause in writing why this action should not be dismissed for failure to prosecute, failure to obey a court order, and failure to state a claim. (ECF No. 20.) The Court granted Plaintiff fourteen (14) days from the service of the order to either file a third amended complaint or a written response showing cause why this action should not be dismissed. (Id.)

In response to the November 8, 2019 order to show cause, Plaintiff filed a motion for a 30-day extension of time to file a third amended complaint on November 25, 2019. (ECF No. 22.)

On November 26, 2019, the Court vacated the November 8, 2019 order to show cause, granted Plaintiff's motion for an extension of time, and ordered Plaintiff to file a third amended complaint within thirty (30) days from the date of service of the order. (ECF No. 23.)

On January 6, 2020, after Plaintiff failed to timely file a third amended complaint or otherwise communicate with the Court, the Court ordered Plaintiff to either file a third amended complaint or show cause in writing why this action should not be dismissed for failure to state a claim, failure to comply with the Court's September 23, 2019 and November 26, 2019 orders, and failure to prosecute, within fourteen (14) days from the date of service of the order. (ECF No. 24.) Plaintiff was again expressly warned that failure to comply with the Court's order would result in a recommendation to a District Judge that this action be dismissed, with prejudice, for failure to state a claim, failure to obey court orders, and failure to prosecute. (Id. at 2.)

The deadline for Plaintiff to file either a third amended complaint or a written response showing cause why the action should not be dismissed expired on January 23, 2020.

On February 4, 2020, after the Court's docket did not indicate that the Court had received Plaintiff's third amended complaint or a written response to the order to show cause, the Court issued findings and recommendations recommending that this action be dismissed, with prejudice, based on Plaintiff's failure to state a cognizable claim, failure to obey the Court's September 23, 2019 and January 6, 2020 orders, and failure to prosecute this action. (ECF No. 28.)

However, later on February 4, 2020, the Court docketed Plaintiff's untimely response to the January 6, 2020 order to show cause and a notice of change of address, which the Court had received in the mail on February 3, 2020. (ECF No. 25.) In his response, Plaintiff states that this action should not be dismissed because the landlord at his former address of record had disregarded, damaged, or returned numerous pieces of Plaintiff's mail, Plaintiff never received a response to the request for extension of time that he filed on November 5, 2019, and, while he is now homeless, he is requesting that the Court grant him a reasonable amount of time to file a third amended complaint with the assistance of legal counsel. (Id.)

Having considered Plaintiff's request for an extension of time to file a third amended complaint, the Court finds that Plaintiff has demonstrated good cause for an extension of time. Fed. R. Civ. P. 6(b). However, the Court notes that Plaintiff was ordered to file a third amended complaint on September 23, 2019 and, even though more than four months have passed, Plaintiff has still not filed a third amended complaint. While the Court is sympathetic to Plaintiff's current circumstances, this action cannot be held in abeyance indefinitely. Therefore, the Court will grant Plaintiff a thirty (30) day extension of time to file a third amended complaint. The Court will also grant Plaintiff a copy of the Court's September 23, 2019 screening order, which provides a summary of Plaintiff's allegations and the relevant legal and pleading standards, and should allow Plaintiff to file a third amended complaint. Further requests for an extension of time to file a third amended complaint are discouraged, and will not be granted absent substantial good cause.

In light of the extension of time to file a third amended complaint, the findings and recommendation issued on February 4, 2020 are vacated.

Additionally, the Court reminds Plaintiff that, now that he has been released from custody,

the prison mailbox rule no longer applies to his filings.  Under the mailbox rule, a prisoner's pleadings are deemed to be filed as of the date the prisoner delivered it to the prison authorities for mailing to the court clerk.  See Houston v. Lack, 487 U.S. 266, 270 (1988); Douglas v. Noelle, 567 F.3d 1103, 1108–09 (9th Cir. 2009) (mailbox rule articulated in Houston applies to civil rights actions).  Now that Plaintiff has been released from custody, "[w]hen papers are mailed to the clerk's office, filing is complete when the papers are *received* by the clerk."  Cooper v. City of Ashland, 871 F.2d 104, 105 (9th Cir. 1989) (emphasis added).  In the future, Plaintiff should ensure that any motions for extension of time, or other responses to Court deadlines, are mailed to the Court so they will be received by the applicable deadline.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on February 4, 2020, (ECF No. 28), are VACATED;
2. Plaintiff's request for an extension of time to file a third amended complaint, (ECF No. 25), is GRANTED;
3. Plaintiff is directed to file a third amended complaint within **thirty (30) days** from the date of service of this order;
4. Along with this order, the Clerk of the Court is directed to serve Plaintiff with a complaint form, and a copy of the Court's September 23, 2019 screening order, (ECF No. 17);
5. <u>Plaintiff is warned that failure to comply with this order will result in a recommendation to the District Judge that this action be dismissed for failure to obey a court order and failure to prosecute</u>; and

///
///
///
///
///
///

4

6. **Plaintiff is advised that any future failures to timely file will result in a recommendation to dismiss his case for failure to prosecute. No further OSC's will be issued since Plaintiff has had numerous notices in the past and is aware of the consequences for not filing timely.**

IT IS SO ORDERED.

Dated: **February 5, 2020**

_____
UNITED STATES MAGISTRATE JUDGE